IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Calca Solutions, LLC, | * |
| *Plaintiff,* | * |
| v. | *  Civil Action No. |
| State Industrial Products Corporation | * |
| *Defendant.* | * |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Calca Solutions, LLC ("Calca") and for its Complaint against Defendant State Industrial Products Corporation ("State Industrial") states as follows:

### Nature of the Case

1. This is an action at law and in equity for trademark infringement and false designation of origin arising under sections 32 and 43(a) of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§1114, 1125(a); for unfair competition under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. §51:1401 *et seq*; and, for trademark dilution under La. R.S. §51:223.1.

### The Parties

2. Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business in Westlake, Louisiana.

3. Upon information and belief, Defendant State Industrial Products, Inc. is an Ohio corporation, with its principal place of business at 5915 Landerbrook Drive, Suite 300, Mayfield

Heights, Ohio 44124. State Industrial may be served through its registered agent for service of process, Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121 and under 28 U.S.C. §§1331 and 1338. This Court has jurisdiction over Plaintiff's related state law claims under 28 U.S.C. §§1338 and 1367.

5. This Court has personal jurisdiction over State Industrial because State Industrial transacts business in Louisiana, contracts to supply goods in Louisiana, and has caused tortious injury to Calca in Louisiana. On information and belief, State Industrial ships products infringing Calca's trademark rights throughout the United States and to locations in this judicial district. By distributing and selling infringing products in Louisiana and this judicial district, and by contracting regarding such infringing products in Louisiana, State Industrial purposefully directs activities at this forum that relate to and give rise to the claims alleged in this Complaint.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

### Facts Common to All Claims for Relief

**A.    Plaintiff's Marks and Goods**

7. Calca is in the business of manufacturing and selling hydrazine-based solutions for use in a variety of industries, including the aerospace industry and the water treatment industry.

8. Calca is the owner of United States Trademark Reg. No. 641,958 (the "SCAV-OX Mark"). A true and correct copy of the certificate of registration for the SCAV-OX Mark is attached hereto as Exhibit A.

9. Although the SCAV-OX Mark was originally registered by Olin Matheson Chemical Corporation on February 26, 1957, Calca is now the owner due to a series of transactions as follows: (a) the original registrant, Olin Matheson Chemical Corporation, changed its name to Olin Corporation on or about December 7, 1970[1]; (b) Olin Corporation assigned the SCAV-OX Mark to Arch Chemicals, Inc. on or about March 11, 1999[2]; (c) Arch Chemicals, Inc. assigned the SCAV-OX Mark to Mars Buyer, LLC on or about July 11, 2023[3]; and Mars Buyer, LLC changed its name to Calca Solutions, LLC on or about July 19, 2023.[4]

10. The SCAV-OX Mark has been in use since at least 1956, and such use has been valid and continuous since the date of first use. The SCAV-OX Mark has not been abandoned.

11. Calca currently sells its SCAV-OX® brand hydrazine solution to the water treatment industry for use in preventing corrosion in boilers and hot water circulation systems.

12. As a result of the long history of use of the SCAV-OX Mark, the SCAV-OX Mark has achieved widespread recognition and goodwill in the water treatment industry. Pursuant to the transactions discussed above, this widespread recognition and goodwill transferred to and now benefits Calca.

13. The SCAV-OX Mark serves to identify and distinguish Calca's goods from the goods of others.

---

[1] See USPTO Trademark Assignment Reel/Frame No. 0208/0107.
[2] See USPTO Trademark Assignment Reel/Frame No. 1865/0097.
[3] See USPTO Trademark Assignment Reel/Frame No. 8132/0106.
[4] See USPTO Trademark Assignment Reel/Frame No. 8376/0385.

14. Customers and potential customers readily recognize the SCAV-OX Mark as a distinctive designation of the origin of Calca's goods.

15. The SCAV-OX Mark holds exceptional value and widespread recognition in the restaurant industry. Consequently, the SCAV-OX Mark constitutes a valuable asset of Calca and represent a substantial part of its goodwill and reputation.

16. Affidavits have been filed pursuant to Section 8 and 15 of the Lanham Act, 15 U.S.C. §§1058 and 1065, for the SCAV-OX Mark. Accordingly, the SCAV-OX Mark enjoys the favored status in trademark law known as incontestability.

B.      **Defendant's Unlawful Activities**

17. State Industrial offers a product to the water treatment industry unlawfully using the SCAV-OX Mark (the "Unlawful Product"). A copy of a relevant page[5] from State Industrial's website appears below this paragraph.



---

[5] See https://www.stateindustrial.com/scav-ox-45-lb-keg

18. As evidenced by State Industrial's website, above, State Industrial promotes the Unlawful Product as being used to remove oxygen from boilers. This is the same market as served by Calca's SCAV-OX brand hydrazine solution.

19. On information and belief, State Industrial has targeted Louisiana for unlawful sales of its products. On information and belief, such unlawful sales have been directed to multiple Louisiana customers, including the Louisiana Office of State Procurement ("LaOSP") contract number 4400027526 for water treatment chemicals (the "Louisiana Procurement Contract"). A copy of the relevant page[6] from LaOSP's Electronic Catalog follows this paragraph.

---

[6] See https://wwwcfprd.doa.louisiana.gov/osp/lapac/eCat/dsp_LagovContractDetail.cfm?Contract=4400027526



20. On Information and belief, LaOSP's Electronic Catalog lists the Unlawful Product for sale pursuant to State Industrial's Louisiana Procurement Contract. To wit, LaOSP's Electronic Catalog lists a product identified as having MDM catalog reference number 1175635 and supplier part number 121433, which product is identified as "STATE CHEMICAL SCAV-OX." A copy of the relevant page[7] from the LaOSP's Electronic Catalog follows this paragraph.

---

[7] See https://wwwcfprd.doa.louisiana.gov/osp/lapac/eCat/dsp_LagovItemDetail.cfm?ContractItemId=3609980



21. State Industrial's commercial uses of the SCAV-OX Mark have been, and continue to be, without authorization or permission from Calca or any prior owner of the SCAV-OX Mark.

22. Upon information and belief, because of State Industrial's designations, some consumers who have seen State Industrial's Unlawful Product believe, or believed, erroneously that State Industrial is associated with Calca.

23. Upon information and belief, State Industrial's unlawful use of the SCAV-OX Mark is intentional and without authorization to trade upon the goodwill and substantial recognition associated with Calca and the SCAV-OX Mark.

24. Upon information and belief, State Industrial intended its use of the SCAV-OX Mark to cause confusion, mistake, or deception.

25. Upon information and belief, State Industrial intended to cause consumers and potential consumers to believe that State Industrial and the Unlawful Product are associated with Calca when, in fact, State Industrial and the Unlawful Product are not.

26. State Industrial's acts outlined herein have caused, and/or are likely to cause, Calca to suffer irreparable injury to its business.

27. Calca will suffer a substantial loss of goodwill and reputation unless and until State Industrial is preliminarily and permanently enjoined from continuing the wrongful actions outlined herein.

28. State Industrial's continued use of the SCAV-OX Mark has created and will continue to create a likelihood of consumer confusion as to the source, origin, sponsorship, or affiliation of State Industrial's business with Calca. Such use results in State Industrial being unjustly enriched as a result of creating such confusion, and (among other harms to Calca) it harms Calca's goodwill by causing Calca not to be able to control how its brand is used and perceived by the public.

**First Cause of Action**
**(Infringement of Federally Registered Trademarks under 15 U.S.C. § 1114)**

29. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-28.

30. State Industrial's use of the term SCAV-OX with its boiler additive product is confusingly similar to Calca's use of the term SCAV-OX with its hydrazine boiler additive product.

31. State Industrial's unauthorized use of the SCAV-OX Mark in connection with its advertising, promotion, and offering of boiler additives is likely to cause confusion, mistake, or deception among consumers as to the source, origin, or sponsorship of such goods. The

consuming public is likely to believe that State Industrial's products are somehow affiliated or associated with Calca when that is not the case.

32. By its unauthorized and confusingly similar use of the SCAV-OX Mark in connection with the advertising, promotion, and offering of boiler additives, State Industrial has infringed and continues to infringe the SCAV-OX Mark in violation of §32 of the Lanham Act, 15 U.S.C. §1114.

33. State Industrial's unauthorized use of confusingly similar imitations of Calca's SCAV-OX Mark in connection with the advertising, promotion, and offering of boiler additives, as alleged above, was intentionally done with a view toward, and purpose of, trading on and benefiting from the substantial reputation and goodwill in the United States associated with the SCAV-OX Mark.

34. State Industrial's acts of trademark infringement, as alleged herein, have injured Calca in that Calca has suffered damage to its reputation and customer goodwill as a direct and proximate result of State Industrial's illegal conduct. In addition, State Industrial has been unjustly enriched by reason of its trademark infringement in that it has achieved profits, and the opportunity to earn future profits, as a direct and proximate result of its illegal conduct.

35. State Industrial's trademark infringement as alleged herein has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to Calca's business, reputation, and goodwill, unless State Industrial's unlawful conduct is preliminarily and permanently enjoined by this Court.

36. Calca is entitled to recover all damages sustained by State Industrial's actions, all profits realized by State Industrial through its infringing use of the SCAV-OX Mark in

connection with its advertising, promotion, and offering of boiler additives, and the costs of this action.

37. State Industrial's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C §1117(a)), entitling Calca to recover treble damages and/or profits and an award of reasonable attorneys' fees against State Industrial.

**Second Cause of Action**
**(False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A))**

38. Calca repeats and incorporates by reference the allegations of paragraphs 1-37.

39. State Industrial's activities constitute false designation of origin under 15 U.S.C. §1125(a)(1)(A).

40. The SCAV-OX Mark is inherently distinctive.

41. State Industrial is unlawfully using the SCAV-OX Mark in a manner confusingly similar to Calca's use of the SCAV-OX Mark.

42. Upon information and belief, State Industrial has infringed the SCAV-OX Mark with the intent to trade on Calca's reputation and goodwill by causing consumer confusion and mistake, and deceiving Calca's consumers and potential consumers into believing that State Industrial's goods are associated with, sponsored by, or approved by Calca, when they are not.

43. Upon information and belief, State Industrial's actions were undertaken willfully, and with the intent to confuse and deceive others.

44. State Industrial's activities constitute false designation of origin under 15 U.S.C. §1125, are causing, and are likely to cause irreparable and inherently unquantifiable injury and harm to Calca and to the public.

45. Calca has no adequate remedy at law and is entitled to injunctive relief.

46. Calca is entitled to recover all damages sustained by State Industrial's actions, all profits realized by State Industrial through its unlawful use of confusingly similar imitations of SCAV-OX Mark in connection with the advertising, promotion, and offering of its goods, and the costs of this action.

47. State Industrial's actions have been willful and deliberate (and at least represent an "exceptional" case under 15 U.S.C § 1117(a)), entitling Calca to recover treble damages and/or profits and an award of reasonable attorneys' fees against State Industrial.

### Third Cause of Action
### (Trademark Dilution under La. R.S. 51:223.1)

48. Calca repeats and incorporates by reference the allegations of paragraphs 1-47.

49. State Industrial's conduct as alleged above constitutes injury to business reputation and dilution of the distinctive quality of the SCAV-OX Mark, in violation of La. R.S. § 51:223.1.

### Fourth Cause of Action
### (Violation of the Louisiana Unfair Trade Practices and Consumer Protection Law)

50. Calca repeats and incorporates by reference the allegations of paragraphs 1-49.

51. State Industrial's conduct as alleged above constitutes trademark infringement, unfair competition, and deceptive trade practices and acts in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. §51:1401 *et seq*.

52. State Industrial's trademark infringement, unfair competition, and deceptive trade practices and acts as alleged above have injured Calca in that Calca has suffered damage to its reputation and customer goodwill as a direct and proximate result of State Industrial's illegal conduct. In addition, State Industrial has been unjustly enriched by reason of its trademark infringement, unfair competition, and deceptive trade practices and acts in that State Industrial

has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of their illegal conduct.

53. Pursuant to La. R.S. § 51:1409, Calca is entitled to an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Calca prays that a judgment be entered:

1. Permanently and preliminarily enjoining State Industrial and all affiliated or related entities, agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from State Industrial, or in concert or participation with State Industrial, pursuant to the powers granted to this Court by 15 U.S.C. §1116, La. R.S. §51:223.1, and La. R.S. § 1:1409, from:

   a. using the SCAV-OX Mark and any confusingly similar imitations thereof in connection with State Industrial's business, goods, or services; and,

   b. using the SCAV-OX Mark or any other trademark, service mark, name, logo, domain name, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Calca, or is likely to cause confusion, mistake, deception, or public misunderstanding that State Industrial's business, goods, or services are the business, goods, or services of Calca, or are sponsored by or in any way related to Calca.

2. Ordering an accounting for any and all profits derived from State Industrial's unauthorized use of the SCAV-OX Mark, and any confusingly similar imitations thereof.

3. Awarding Calca compensatory and enhanced damages, including:

  a. State Industrial's profits derived from its unauthorized use of the SCAV-OX Mark, and any confusingly similar imitations thereof;

  b. Calca's damages resulting from State Industrial's unauthorized use of the SCAV-OX Mark, and any confusingly similar imitations thereof;

  c. a trebling of damages and profits as authorized by 15 U.S.C. §1117;

  d. reasonable attorneys' fees under 15 U.S.C. §1117 and La. R.S. § 51:1409; and,

  e. the costs of this action.

4. Directing State Industrial to file with this Court and serve upon Calca within thirty (30) days after service of the injunction, a written report, created under oath, which sets forth in detail the manner and form in which State Industrial has complied with the injunction pursuant to 15 U.S.C. §1116.

5. Pursuant to 15 U.S.C. §1118, a preliminary order impounding State Industrial's devices, literature, advertising, goods, products, and other materials using the SCAV-OX Mark or variations thereof, and any other infringing products, including those bearing the SCAV-OX Mark or any variants thereof, and all articles by means of which such copies may be produced and a permanent order for destruction of same.

6. Pursuant to 15 U.S.C. §1118, an order requiring State Industrial to deliver or destroy all devices, literature, advertising, goods, products, and other materials bearing the SCAV-OX Mark or any other matter that infringes on Calca's rights in SCAV-OX Mark.

7. Granting Calca such other and further relief as a matter of law or equity as the Court may deem just and proper.

Dated:  May 13, 2024.                    Respectfully submitted,

        /s/ Emily Lippold Gummer
**EMILY LIPPOLD GUMMER (#33858) T.A.**
**J. MATTHEW MILLER III (#32594)**
*Carver, Darden, Koretzky, Tessier,*
*Finn, Blossman & Areaux, L.L.C.*
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone:     (504) 585-3800
Facsimile:      (504) 585-3801
E-mail:          gummer@carverdarden.com
*Attorneys for Plaintiff*